UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No: 8:18-cr-229-MSS-CPT

HERMAN AGUELING,

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Herman Agueling's Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Dkt. 386), which the Court construes as a Motion for Reconsideration of its earlier Order denying Defendant's Motion for Reduction of Sentence. (Dkt. 375) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion.

On August 7, 2018, Defendant pled guilty to possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and 21 U.S.C. § 960(b)(1)(B)(ii). On November 28, 2018, the Court sentenced Defendant to one hundred twenty (120) months imprisonment, with credit for all time served since the date of interdiction. (Dkt. 290) The Court also sentenced Defendant to five years of supervised release. (Id.)

1

On May 28, 2024, Defendant moved for a reduction to his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (Dkt. 365) On September 3, 2024, the Court denied Defendant's motion for a reduction to his sentence under Amendment 821, finding that he was ineligible because a reduction to his sentence would be inconsistent with the applicable policy statements for Amendment 821. (Dkt. 375) Specifically, the Court found that "Defendant is ineligible for further reduction because his original sentence was a statutory mandatory minimum sentence of 120 months. When a valid mandatory minimum sentence is imposed, Application Note 1(A) to the Policy Statement of U.S.S.G. § 1B1.10 is clear that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is inconsistent with the Policy Statement." (Id.) Defendant now moves for reconsideration of the Court's decision.

Reconsideration of a previous order is an extraordinary remedy that should be employed sparingly. Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and the Eleventh Circuit have permitted parties to file such motions in criminal cases. See United States v. Phillips, 597 F.3d 1190, 1199 (11th Cir. 2010) (citations omitted). In deciding motions for reconsideration in criminal cases, courts in this district have generally relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. See United States v. Brown, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (collecting cases).

"The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Accordingly, "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice" are each a proper reason for reconsideration. Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). A motion for reconsideration, however, cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of the order. See Arthur, 500 F.3d at 1343.

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine

3

if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the 18 U.S.C. § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). The Guidelines also provide that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). And for any further avoidance of doubt, Application Note 1(A) to the Policy Statement of U.S.S.G. § 1B1.10 is clear that a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) and is inconsistent with the Policy Statement if the reduction "does not have the effect of lowering the defendant's applicable guideline range because the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." See also United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum.").

As the Court explained in its previous Order, a reduction of Defendant's sentence would not be consistent with Amendment 821's applicable policy statements because Defendant was subject to a mandatory minimum sentence. (See Dkt. 375) Defendant's PSR calculated an offense level of 27 and a criminal history category of I, which *would have* resulted in a guidelines range of 70 to 87 months. (See Dkt. 280) But, because there was a statutorily required minimum sentence of 120 months, that became Defendant's guideline sentence. See U.S.S.G. § 5G1.1(b). If the Court were to apply a two-level reduction of Defendant's offense level pursuant to Amendment 821, it would result in a guidelines range of 57 to 71 months, but the mandatory minimum would remain his guidelines sentence pursuant to § 5G1.1(b).

Defendant argues that the court should further reduce his sentence despite this clear authority because, if sentenced today, he would be eligible for safety valve relief, and as a result would not be subject to a mandatory minimum sentence.[1] At the time of Defendant's sentencing in November 2018, the safety valve did not apply to offenses prosecuted under the Maritime Drug Law Enforcement Act ("MDLEA"). See United States v. Pertuz-Pertuz, 679 F.3d 1327, 1328–29 (11th Cir. 2012) (finding the safety valve inapplicable to MDLEA convictions because "by its terms, the 'safety valve' provision applies only to convictions under five specified offenses," which did not include the MDLEA) (citations omitted). Effective December 21, 2018, the safety

---

[1] The "safety valve," codified at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, allows a court to sentence a defendant without regard to an otherwise applicable mandatory minimum term of imprisonment for certain types of drug-trafficking offenses if the defendant satisfies the five criteria listed in the statute.

5

valve was made applicable to MDLEA convictions, but this provision was not made retroactive. See United States v. Sanchez, 795 F. App'x 704, 707 (11th Cir. 2019) (explaining that the expansion of the safety valve "does not apply retroactively" because the First Step Act of 2018, which amended the safety valve provision of 18 U.S.C. § 3553(f), provides that it "shall only apply to a conviction entered on or after the date of the enactment of the Act") (quoting First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194); see also United States v. Tigua, 963 F.3d 1138, 1144 (11th Cir. 2020) ("Because [the defendants] had their 'conviction[s] entered' before section 402 [of the First Step Act] was enacted in December 2018, the statutory safety valve did not apply to their offenses and they were subject to mandatory-minimum sentences of 120 months of imprisonment.").

To the extent Defendant attempts to argue that seeking relief under § 3582(c) authorizes the Court to conduct a de novo resentencing such that it may freshly consider whether he is entitled to safety valve relief, any such argument would misconstrue the limited scope of § 3582(c) proceedings. "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modification of a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." Dillon v. United States, 560 U.S. 817, 825 (2010) (cleaned up) (citations omitted). To that end, the safety valve is only available when a district court "impose[s] a sentence" after making certain findings "at sentencing." 18 U.S.C. § 3553(f); see also United States v. Jackson, 613 F.3d 1305, 1308 (11th Cir. 2010) ("The question we must resolve today

6

is this one: can a district court grant safety valve relief when reducing a defendant's sentence pursuant to section 3582(c)(2)? The answer is 'no,' because the safety-valve is inapplicable to sentence-modification proceedings.").

Finally, even assuming § 3582(c) proceedings qualified as sentencings or resentencings, Defendant would not be eligible for safety valve relief. As previously discussed, the First Step Act of 2018 authorizes application of the safety valve to MDLEA defendants who had their "conviction entered on or after the date of the enactment of the Act." Tigua, 963 F.3d at 1142. In Tigua, the Eleventh Circuit held that the phrase "conviction entered" does not refer to the date of sentencing, but to the date the district court accepts a defendant's guilty plea and adjudicates the defendant guilty. Id. at 1143–44. Thus, even if the Court were authorized to conduct a de novo resentencing, Defendant would remain ineligible for safety valve relief because his conviction was entered on August 24, 2018, (Dkt. 155), prior to the effective date of the First Step Act. See, e.g., United States v. Vasques-Agino, No. 17-cr-60071, 2024 WL 4039843, at *4 (S.D. Fla. Sept. 4, 2024) ("The Court agrees that Defendant's 2017 conviction under the MDLEA is beyond the reach of the First Step Act as Defendant's conviction is clearly not 'on or after the enactment date' which was December 21, 2018.").

In short, Defendant is not eligible for safety valve relief pursuant to § 402 of the First Step Act of 2018. Thus, the statutory mandatory minimum continues to apply to his sentence and as a result, he is ineligible for relief pursuant to Amendment 821. Therefore, Defendant has failed to establish "(1) an intervening change in controlling

7

law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice," such that the Court should grant Defendant's Motion for Reconsideration. See Lamar Advertising of Mobile, Inc., 189 F.R.D. at 489. Defendant's Motion is due to be **DENIED**.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant Herman Agueling's Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Dkt. 386), which the Court construes as a Motion for Reconsideration, is **DENIED**. Defendant remains ineligible for a reduction to his sentence under Amendment 821, as reflected in the Court's Order dated September 3, 2024. (See Dkt. 375)

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of January 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person